Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs. v Rosa (2025 NY Slip Op 00007)

Matter of Albany-Schoharie-Schenectady-Saratoga Bd. of Coop. Educ. Servs. v Rosa

2025 NY Slip Op 00007

Decided on January 2, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 2, 2025

CV-23-1657
[*1]In the Matter of Albany-Schoharie-Schenectady-Saratoga Board of Cooperative Educational Services, Appellant,
v
Betty A. Rosa, as Commissioner of Education, et al., Respondents.

Calendar Date:November 12, 2024

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Bond, Schoeneck & King, PLLC, Syracuse (Kate I. Reid of counsel), for appellant.
Letitia James, Attorney General, Buffalo (Sarah L. Rosenbluth of counsel), for Betty A. Rosa and another, respondents.
Adrianne Rickson, Ballston Spa, respondent pro se.
Jay Worona, New York State School Boards Association, Inc., Latham, for New York State School Boards Association, Inc., amicus curiae.
Robert T. Reilly, New York State United Teachers, Latham (Jacquelyn Hadam of counsel), for New York State United Teachers, amicus curiae.

Reynolds Fitzgerald, J.
(1) Appeal from a judgment of the Supreme Court (Justin O. Corcoran, J.), entered July 28, 2023 in Albany County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Education directing petitioner to reinstate respondent Adrianne Rickson to her position of vocational teacher, and (2) motion to dismiss the appeal.
In January 2019, petitioner hired respondent Adrianne Rickson (hereinafter the teacher), on a probationary basis, as a criminal justice instructor. In November 2021, the teacher used her work email account to forward a message to other colleagues notifying them of an after-school rally concerning COVID-19 policies. Consequently, the teacher received a memorandum counseling her for the improper use of petitioner's email system. In January 2022, the teacher offered her students an optional extra-credit assignment for viewing a podcast interview of a physician critical of COVID vaccinations and answering written questions related to the podcast. In February 2022, petitioner's superintendent notified the teacher that she intended to recommend to the Board of Education to discontinue her probationary employment. The Board of Education terminated the teacher's probationary appointment effective April 21, 2022. The teacher appealed to respondent Commissioner of Education, who determined that the superintendent's statement of reasons for discontinuance under Education Law § 3031 was too vague and remanded to petitioner to clarify and resubmit the statement of reasons for dismissal.
Thereafter, the superintendent articulated the grounds to discontinue the teacher's employment and she was terminated a second time in August 2022. Again, the teacher appealed. This time, the Commissioner reviewed the merits and determined that petitioner's probationary appointment was discontinued in bad faith and violated the teacher's right to academic freedom. As such, the Commissioner ordered that the teacher be reinstated with back pay and benefits. Petitioner thereafter commenced this CPLR article 78 proceeding against respondent New York State Education Department and the Commissioner challenging the determination as arbitrary, capricious and an error of law. Supreme Court denied petitioner's request to annul the Commissioner's determination and dismissed the petition. Petitioner appeals.
In the interim, the teacher was once again terminated from her position, for reasons unrelated to those at issue here. Respondents then moved to dismiss this appeal as moot, pointing to the fact that this latest termination was upheld by the Commissioner and the time to initiate a CPLR article 78 proceeding with respect to this has expired. Petitioner opposes this motion contending that the appeal is not moot and that, even if it is found to be so, the exception to the mootness doctrine applies.
Initially, we agree with respondents that the appeal of Supreme Court's [*2]July 2023 order was rendered moot by the teacher's subsequent unrelated termination. "[I]t is well settled that a court's jurisdiction extends only to live controversies and, thus, an appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the order" (Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3d 948, 949-950 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Clean Air Coalition of W. N.Y., Inc. v New York State Pub. Serv. Commn., 226 AD3d 108, 113 [3d Dept 2024]). Moreover, "[c]ourts are generally prohibited from issuing advisory opinions or ruling on hypothetical inquiries" (Coleman v Daines, 19 NY3d 1087, 1090 [2012]). The petition reveals that petitioner solely sought to annul the Commissioner's determination to reinstate the teacher. Given that the teacher has been terminated, without further recourse, an adjudication of the particular issues raised in the petition would have no practical effect upon the rights of the parties. "Where, as here, the passage of time or a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy, the claim must be dismissed" (Matter of Ballard v New York Safety Track LLC, 126 AD3d 1073, 1075 [3d Dept 2015] [internal quotation marks and citations omitted]; see Owner Operator Ind. Drivers Assn., Inc. v Karas, 188 AD3d 1313, 1316 [3d Dept 2020]). Nor are we persuaded by petitioner's argument that this matter is not moot due to its alleged right to restitution of any financial benefits received by the teacher while this appeal was pending. Petitioner's argument is unpreserved as it did not seek restitution in the CPLR article 78 proceeding, and in fact only raised the issue in response to respondents' motion to dismiss the appeal for reasons of mootness. As a result, this Court cannot entertain this argument as "[j]udicial review of administrative determinations pursuant to CPLR article 78 is limited to questions of law. Unpreserved issues are not issues of law" (Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001] [internal citations omitted]; accord Matter of Kosmider v Whitney, 34 NY3d 48, 53 n 2 [2019]; see Matter of Hamilton v Goord, 32 AD3d 642, 643 [3d Dept 2006], lv denied 7 NY3d 715 [2006]).
Moreover, we are unpersuaded that an exception to the mootness doctrine applies. In order to find an exception to the doctrine, a court must determine that three elements have been established; the issue is likely to recur, it is novel and substantial, and that it typically evades review (see Coleman v Daines, 19 NY3d at 1090; Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 811 [2003], cert denied 540 US 1017 [2003]). It is well established that all three elements must be manifest. Here, although this issue may [*3]recur and is arguably substantial and novel, we are unpersuaded that it is likely to evade review.[FN1] As petitioner has failed to establish that all these elements are present, the exception to the mootness doctrine is inapplicable (see Matter of Association of Motor Veh. Trial Attorneys, Inc. v New York State Dept. of Motor Vehs., 223 AD3d at 950; Matter of Marxuach v New York State Dept. of Corr. & Community Supervision,211 AD3d 1442, 1444 [3d Dept 2022]; Matter of Smith v Annucci, 205 AD3d 1180, 1181 [3d Dept 2022]). As the issues raised by the petition are moot and the circumstances do not warrant application of the exception to the mootness doctrine, we dismiss petitioner's appeal (see Garnet Health Med. Ctr.-Catskills v Center for Discovery, Inc., 218 AD3d 939, 941 [3d Dept 2023]; Matter of Lamb v New York State Dept. of Motor Vehs., 187 AD3d 1269, 1270 [3d Dept 2020]).
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the motion is granted and the appeal is dismissed, as moot, without costs.

Footnotes

Footnote 1: In fact, this matter may not have evaded review here had petitioner requested restitution in its petition, or had the teacher not been terminated for unrelated reasons pending the appeal.